IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br>1331 G Street, NW, Suite 200<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY<br>U.S. Department of Homeland Security<br>Privacy Office<br>WASHINGTON, D.C. 20528, and<br><br>U.S. IMMIGRATION & CUSTOMS<br>ENFORCEMENT,<br>500 12th St SW<br>Washington, DC 20536,<br>*Defendants*. | Case No.<br><br>COMPLAINT UNDER THE<br>FREEDOM OF INFORMATION ACT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF |

## COMPLAINT

1. Plaintiff the American Immigration Council (the "Council" or "Plaintiff") brings this action against the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* to compel the disclosure of records after ICE failed to respond to Plaintiff's FOIA request for ICE policies implemented at the Torrance County Detention Facility ("TCDF"), including ICE's treatment of Haitian nationals detained at TCDF.

2. In September 2021, thousands of Haitian nationals arrived at the U.S.-Mexico border and gathered under the international bridge in Del Rio, Texas to be processed by U.S. Customs and Border Protection ("CBP") officers. Others were violently interdicted by CBP agents on horseback from crossing the border near such location.

1

3. CBP coordinated with other government agencies, including ICE, to move individuals from Del Rio to other processing locations. According to DHS, the reason for moving these individuals was to ensure that certain migrants were "swiftly taken into custody, processed, and removed from the United States."[1]

4. For reasons that remain unclear, ICE decided to detain dozens of Haitian nationals, including some who suffered abuse by CBP officers, at TCDF, a detention facility located in Estancia, New Mexico. The TCDF is operated by CoreCivic, a private prison corporation.

5. The TCDF is notorious for its atrocious conditions of confinement, which garnered the attention of members of Congress.[2] In March 2022, the DHS Office of Inspector General ("OIG") recommended the immediate relocation of all individuals detained at TCDF due to the "egregious conditions" at the facility.[3]

6. On December 21, 2021, the Council filed a request for information under the FOIA (the "Request") to better understand the reasons ICE chose to detain Haitian nationals at TCDF, as well as records and data that would shed light as to the treatment of Haitian nationals detained at TCDF.

---

[1] Press Release, U.S. Dep't of Homeland Security, DHS Outlines Strategy to Address Increase in Migrants in Del Rio (Sept. 18, 2021), https://www.dhs.gov/news/2021/09/18/dhs-outlines-strategy-address-increase-migrants-del-rio.

[2] Letter from Sen. Martin Heinrich, et. al, to DHS Secretary Alejandro Mayorkas, Acting ICE Director Tae D. Johnson, and Damon T. Hininger, President and CEO, CoreCivic, (Dec. 16, 2021) [hereinafter Heinrich Letter] https://www.heinrich.senate.gov/download/letter_torrance-county-detention-center_final (calling for increased oversight at the CoreCivic Detention Facility in Torrance County after asylum seekers face barriers to legal representation).

[3] Office of Inspector General, U.S. Dep't of Homeland Security, Management Alert – Immediate Removal of All Detainees from the Torrance County Detention Facility, at 2 (Mar. 16, 2022), https://www.oig.dhs.gov/sites/default/files/assets/2022-05/OIG-22-31-Mar22-mgmtalert.pdf.

7. To date, ICE has failed to respond to the Request in accordance with the FOIA's statutory deadline.

8. Plaintiff brings this suit under the FOIA for declaratory, injunctive, and other appropriate relief.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (6)(C)(i). Because this action arises under FOIA against agencies of the United States, this Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because the Council's principal place of business is in the District of Columbia.

## PARTIES

11. Plaintiff the Council is a tax-exempt, not-for-profit educational and charitable organization under Section 501(c)(3) of the Internal Revenue Code. Its principal place of business is at 1331 G Street, NW, Suite 200, Washington, D.C. 20005. The Council was established to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens and citizens, and educate the public about the enduring contributions of America's immigrants. Through research and analysis, the Council has become a leading resource for policymakers at the national, state, and local levels who seek to understand the power and potential of immigration and to develop policies that are based on facts rather than myths. The Council seeks to hold the government accountable for unlawful conduct and restrictive interpretations of the

law and for failing to ensure that the immigration laws are implemented and executed in a manner that comports with due process.

12.     Defendant DHS is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  DHS is responsible for enforcing federal immigration laws.

13.     Defendant ICE is a component agency of DHS and an agency within the meaning of 5 U.S.C. § 552(f)(1).  It is the principal investigative arm of DHS and is charged with criminal and civil enforcement of the immigration laws.  Enforcement and Removal Operations (ERO), one of the three primary branches of ICE operations, is responsible for detention, bond management and supervised release.  Upon information and belief, ICE and its component branches such as ERO have possession and control over the records requested by the Council.

## STATEMENT OF FACTS

14.     During a September 2021 press briefing, DHS Secretary Alejandro Mayorkas reported that approximately 15,000 migrants, the majority of whom were Haitian nationals, encamped near the international bridge in Del Rio.  Secretary Mayorkas also reported that DHS processed over 5,000 of those migrants to determine whether they would be expelled or placed in removal proceedings.

15.     During this time, ICE transferred a group of approximately 80 Haitian migrants to TCDF, some of whom had been victims of the violent tactics employed by CBP officers to stop their entry into the United States.[4]

16.     The conditions of confinement at TCDF are dismal.  The OIG report documented extensive unsanitary conditions such as inoperable or clogged toilets, mold on housing units, and

---

[4] Heinrich Letter, *supra* note 2, at 1.

security lapses throughout the facility.[5] The report also noted that TCDF was critically understaffed, and the OIG ultimately recommended that the Acting Director of ICE immediately relocate all detainees from TCDF.[6]

17. The letter from members of Congress to Secretary Mayorkas expanded on the poor conditions experienced by individuals detained at TCDF and emphasized that many experienced significant barriers to exercising their due process rights. Among other issues, the letter described barriers to access to legal services, including significant delays in permitting attorneys and legal representatives to meet with detained individuals, and CoreCivic's failure to provide adequate interpretation services, making it difficult for many detained individuals to communicate with ICE officials and therefore virtually impossible to successfully obtain relief from removal while detained.[7]

18. In order to enhance the public's understanding of the detention of Haitian migrants at TCDF, Plaintiff filed a FOIA request on December 21, 2021, seeking disclosure of the following information:

    a. The Intergovernmental Service Agreement governing the operation of TCDF;

    b. Records about ICE's decision to detain Haitian nationals apprehended at the border in September 2021 and later at TCDF;

    c. Records regarding individuals detained at TCDF, including Haitian nationals and the complaint filed with DHS' oversight components;

---

[5] *See generally* Office of Inspector General, *supra* note 3.
[6] *Id*. at 2.
[7] Heinrich Letter, *supra* note 2, at 1-2.

      d. Records relating to access to attorneys and other legal representatives for individuals detained at TCDF.

      e. Records relating to parole applications adjudicated by ICE officers, including those filed on behalf of Haitian migrants at TCDF.

      f. Individualized biographic and immigration data about individuals detained at TCDF from January 1, 2021 until the present.

A copy of Plaintiff's Request is attached as Exhibit A.

19. ICE sent Plaintiff a confirmation of receipt of the request via email on December 21, 2021. The confirmation noted that the Request was assigned No. 2022-ICFO-04025.

20. On February 22, 2022, Plaintiff contacted the FOIA Public Liaison for DHS via email to inform her that ICE had not sent Plaintiff an acknowledgement letter confirming the agency's processing of the FOIA request. A copy of Plaintiff's Request is attached as Exhibit B.

21. The DHS FOIA Public Liaison responded via email on February 22 informing Plaintiff of ICE's delays in processing FOIA requests and estimated that ICE may respond to the request within sixty days. A copy of this email is attached as Exhibit C.

22. That same day, Plaintiff received a letter from ICE acknowledging receipt of Plaintiff's request and invoking a ten-working day extension of the 20-working day statutory deadline pursuant to 5 U.S.C. § 552(a)(6)(B). A copy of ICE's acknowledgment letter is attached as Exhibit D.

23. Defendants, however, have not yet issued a determination as to Plaintiff's December 21, 2021 FOIA request, and thus have failed to comply with the statutory timeframe.

24. Defendants' continued failure to produce records responsive to Plaintiff's request violates the FOIA and deprives Plaintiff of the ability to obtain and share with the public critical

information about ICE's conduct towards Haitian nationals. Plaintiff accordingly seeks relief from this Court.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Failure to Respond Within the Time Required**

25. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26. Under the FOIA, the Defendants were required to respond to Plaintiff's December 21, 2021 FOIA request and to notify Plaintiff of ICE's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

27. Defendants' failure to make the requisite determination and to communicate it to the Plaintiff violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### SECOND CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Failure to Conduct a Reasonable Search**

28. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

### THIRD CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C § 552
for Failure to Disclose Responsive Records**

30. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. Defendants have failed to produce any records responsive to Plaintiff's December 21, 2021, FOIA request.

32. Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to the Plaintiff's FOIA request.

33. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

34. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records "promptly available to the public." 5 U.S.C. § 552(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

a. Declare that Defendants' failure to timely produce the required determination applicable to Plaintiff's December 21, 2021 request violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), (B)(i);

b. Order Defendants to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA request in accordance with 5 U.S.C § 552(a)(3)(C);

c. Declare that Defendants' failure to disclose the records responsive to the Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the regulations promulgated thereunder;

d. Order Defendants to process responsive non-exempt records in their entirety, to disclose the requested records in their entirety, and to make the records available to Plaintiff within thirty (30) days, and enjoin Defendants from improperly withholding records;

e. Award the Plaintiffs reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable statute or regulation; and

f.  Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: August 1, 2022

Respectfully submitted,

*/s/ Emily J. Creighton*

Emily J. Creighton (Bar No. 1009922)
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7514 (phone)
(202) 742-5619 (fax)
ecreighton@immcouncil.org

Raul A. Pinto*†
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7549 (phone)
(202) 742-5619 (fax)
rpinto@immcouncil.org

* Application for admission pro hac vice forthcoming

† Practice limited to matters and proceedings before federal courts and agencies. Only admitted to practice in New York and North Carolina

*Counsel for Plaintiff*